# BALL *v.* FLORA.

---

PATENTS; INTERFERENCE; PRIORITY; EVIDENCE; JUDICIAL NOTICE.

1. Where a case has been considered at length and with apparent care by each of the experienced tribunals of the Patent Office, it requires a

D. C.]                    Opinion of the Court.

clear and satisfactory showing of error to warrant a reversal of their decision. (Following *McBerty* v. *Cook,* 16 App. D. C. 136.)

2. A junior applicant in interference proceedings must, in order to overcome a decision against him, prove prior conception coupled with diligence, or prior conception and prior reduction to practice.

3. The proper method of proving the state of the weather at a given place at a given time is to produce official records of the variations of the thermometer near such place.

4. The process of taking judicial notice does not necessarily imply that the judge at the moment actually knows and feels sure of the matter submitted; it merely relieves the party from offering evidence, because the matter is one which the judge either knows, or can easily discover.

No. 310. Patent Appeals. Submitted November 17, 1905. Decided December 14, 1905.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case.                    *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. A. Parker Smith, Mr. George R. Hamlin,* and *Mr. George H. Benjamin* for the appellant.

*Mr. L. S. Bacon* for the appellee.

Mr. Justice McComas delivered the opinion of the Court:

This is an appeal from the Commissioner of Patents.

The Examiner of Interferences, the Board of Examiners-in-Chief, and the Commissioner of Patents have been unanimous in decisions in favor of the appellee, Ellsworth E. Flora.

"The * * * contention [of the appellant in this case] has been considered at length and with apparent care by each of the expert tribunals of the Patent Office, and has by each, in turn, been declared unfounded. For that reason alone it would

require a clear and satisfactory showing of error to warrant us in reversing their decisions." *McBerty* v. *Cook,* 16 App. D. C. 136.

The appellee filed his application on May 3, 1902.

The appellant, Henry Price Ball, filed his application on August 18, 1902.

To overcome the decision in the appellee's favor, the appellant must prove prior conception coupled with diligence or prior conception and prior reduction to practice.

The decisions of the Patent Office so clearly and fully explain the case that we are relieved from an extended discussion in this opinion. Priority of invention to the appellee was awarded by the Examiner of Interferences, the Examiners-in-Chief, and the Commissioner of Patents in respect of the following counts:

"1. In combination with a tracker board of a mechanical musical instrument, a supplemental removable tracker board.

"2. In combination with a tracker board of a mechanical musical instrument, a removable superposed tracker board.

"3. In combination with a tracker board of a mechanical musical instrument, a second removable registering tracker board.

"4. A mechanical musical instrument provided with two coacting tracker boards, one fixed and the other removable.

"5. A mechanical musical instrument provided with two coacting tracker boards, one fixed and the other removable, and the removable board adjustable on the fixed board.

"6. In an automatic playing attachment for musical instruments, the combination of a permanent tracker bar, a detachable tracker bar, and means for securing the detachable tracker bar to the permanent tracker bar."

Upon a careful consideration of the record, we conclude that the appellant has failed to fix definitely a date of conception earlier than May 3, 1902, the date of the appellee's application. The appellant's own testimony tends to show that he conceived the invention in February, 1902. It appears that the appellant had exchanged one pianola for another at the beginning of the year 1902; that he received the new pianola on January 23,

1902, the date being fixed by a payment shown by the stub in his checkbook, which also shows he finished paying for the pianola on April 28, 1902.

The appellant says that upon the arrival of the pianola he conceived the specific arrangement or construction of the device, and very shortly after he made a working device which was placed on this musical instrument. The weather was so cold that it was necessary for appellant in his workshop to work with an oil stove while making the device. This device and the music sheet to be used therewith, appellant testifies were made by him in February, 1902. Appellant's preliminary statement alleges that he conceived the invention, made drawings, and explained the invention to others about the 1st day of February, 1902, and that about the 1st day of May, 1902, he made a full-sized embodiment of his device, which was then tested and thus reduced to practice. It is not quite clear whether the reduction to practice by the appellant was made very soon after he received the pianola in January, 1902, or very soon after he completed the payment therefor, which was April 28, 1902.

The witness Twitchell made drawings for appellant, but failed to satisfactorily fix dates. Twitchell made many other drawings for appellant, and had no memorandum whereby to actually fix the date of the drawing attached to the specification in this case.

The witness Van Slyck, produced by the appellant, says, as nearly as he can recollect, it was on one of the last Sundays in March, 1902, that he was in appellant's workroom and saw him make the experiment of placing a removable tracker board upon the tracker board of a pianola and passing a perforated music sheet over such tracker board. The witness recalls that the weather was extremely cold, and Mr. Ball lighted a large Rochester-burner lamp in his workshop to take the chill off the room, and witness believed that it could not have been later in the year than one of the last Sundays in March by reason of that incident. His testimony is quite definite that he saw the experiment he describes on a Sunday and a cold Sunday. Because it was cold he believes it was a late Sunday in March. In

that latitude there might have been a cold Sunday forty days thereafter.

Van Slyck gives other testimony relating to the reduction to practice but no more definite testimony concerning the date of the test.

The incidents whereby appellant seeks to establish a priority are all so near the time, May 3, 1902, when the appellee made his application, that if, as has been urged, the state of the weather was material to support Van Slyck's impression that it was a cold Sunday in March, it would have been competent and convenient to produce official records of the variations of the thermometer near by Flushing, New York, where appellant then lived. The court would take judicial notice if such record were properly brought to its attention. The process of taking judicial notice does not necessarily imply that the judge at the moment actually knows and feels sure of the truth of the matter submitted; it merely relieves the party from offering evidence because the matter is one which the judge either knows, or can easily discover. No such matter was here suggested, and, indeed, the brief period of intervening time indicates that such information about the weather would have availed little to make more definite Van Slyck's statement.

In the face of the appellee's application, we are not prepared to differ with all the Examiners and the Commissioner of Patents in their impression that the disclosure to which Van Slyck testified was not satisfactorily shown to be earlier than May 3, 1902. We are not satisfied that appellant is entitled to a date of either conception or reduction to practice prior to the date of the appellee's application.

The burden of proof was upon the appellant to satisfactorily establish the fact of the conception of his invention prior to May 3, 1902. We agree with the Commissioner of Patents that the appellant has not succeeded in this.

The question in this case is a question of fact. We are convinced the rule in *Bechman v. Wood,* 15 App. D. C. 484, does not apply. This needs no argument.

The decision of the Commissioner of Patents must be affirmed,

and the clerk of this court is directed to certify the proceedings in this court to the Commissioner of Patents according to law.

*Affirmed.*